O’Connell, J.
The pleadings herein show that Martha A. Bradford died testate on or about August 29, 1904, her last will and testament being of date April 1, 1904, which was thereafter duly probated.
*122 Items 19 and 23 of her said will are presented for construction. Item 19 provides as follows:
“I give and bequeath to the Presbyterian hospital of Cincinnati, Ohio, the sum of five thousand dollars for the endowment in perpetuity of a free bed in a ward of said hospital; the money to be invested by the trustees of said institution in such securities as they may deem best, and the interest or income only of the investment to be applied to the maintenance of the said free bed in a ward of said hospital. ’ ’
Item 23 provides as follows:
“I give, devise and bequeath all the rest and residue of my property, of whatsoever kind and wheresoever situated to the board of foreign missions of the Presbyterian church in the United States of America, and the board of home missions of the Presbyterian church in the United States of America, share and share alike, to be held and used by them as a part of their perpetual endowment fund.” [Then follow directions for the use of the income, etc.]
The contention as to the disposition of this fund created by item 19 arises because of the fact that the Presbyterian hospital therein mentioned is no longer capable of performing the conditions stipulated in the allotment of this fund, to-wit: In the use of “the interest or income “ * * of the investment to be applied to the maintenance of the said free bed in a ward of said hospital.” The allegations of the petition wherein the executors pray for instructions regarding the disposition of this fund are as follows:
“Plaintiffs further say that at the death of said testatrix, Martha A. - Bradford, the said Presbyterian hospital was an active institution, but that before an opportunity was had to pay over to the proper authorities of said hospital said bequest of five thousand dollars, said hospital ceased to exist as such character of institution as contemplated in the will of said Martha A. Bradford and the purposes of said trust have failed. ’ ’
The hospital board was not made a party to’ this suit; no pleading has been filed by them or anyone on their behalf, so that we may conclude the hospital board is non-existent.
The next of kin of the testatrix, by an answer duly filed, assert ownership of this fund of five thousand dollars, as “they *123 are the only next of kin of the testatrix, Martha A. Bradford, and that said bequest of five thousand dollars should pass to them under the inheritance laws of the state.”
The residuary legatees,' being the respective boards of home and foreign missions of the Presbyterian church of the United States, by their answer and cross-petition also assert ownership of this fund, as "said sum is a part of the residuary estate of said testatrix, bequeathed^to them by item 23 of the will.” It will be observed that, as forming the basis of the contentions of the different parties, the petition alleges that "at the' death of the testatrix * * the said Presbyterian hospital was in existence and was an active institution” but further it alleges that "before an opportunity was had to pay over to the proper parties said sum of $5,000 said hospital ceased to exist as such' character of institution as contemplated in the will * =» * and purposes of said trust'have failed.”
Based on these allegations and as the ground of this right to the fund, the heirs allege, "that said bequest * * * lapsed before, it could take effect,” while the mission boards allege "that said Presbyterian hospital has gone out of existence # and is not entitled to said sum * # * and that the purposes of said trust have failed. ’ ’
In Bradford v. Bradford, 19 Ohio St., 546, at page 548, our Supreme Court holds that where an act of the party subsequent to the death of the t.estator and probate of the will, prevents the operation of the will as to such party, the legacy passes to the residuary legatees, although but for such act of the party causing a breach of the condition it would have vested in him according to the will of the testator.
In that case the legacy would have vested in the testator’s son but owing to condition subsequent and his voluntary act it was taken from him and adjudged by our Supreme Court to pass —not to the heirs — but to the residuary legatees. Should it not similarly be held in the ease at bar that the act of the hospital board in failing to furnish the free beds stipulated as a condition in the will and its failure “to exist as such character of institution as contemplated in the said will "likewise are such.breach of condition subsequent and the voluntary act of the *124 party such as would cause the bequest after leaving them, to go — not to the heirs* — but to the residuary legatees?
As our Supreme Court declines to follow the courts of certain other states in that interpretation of wills which favors the residuary legatee at the expense of the heir at law (see Davis v. Davis, 62 Ohio St., 411, 416), this court has construed the will in the case at bar solely in accordance with Ohio decisions, and without reference to the decisions of other states, although many were cited by counsel on both sides.
Thus is avoided that objection which is rightfully urged by our Supreme Court in the Davis case, supra, that the discrimination in favor of the residuary legatees has never existed under the laws of this state.
The fund in question in the case at bar created by item 19 of the will alone, is not the residuum of any other bequest, but is a clear and untrammeled bequest of $5,000. Nor is there in item 19 any residuary named for any unexpended balance of this special bequest.
In Davis v. Davis, supra, the Supreme Court calls attention to the very marked distinction between the balance arising from an unexpended portion of a particular fund, and the balance which is the residuum of an entire estate. It there holds that the balance arising as the residuum of a special fund does not necessarily become part of the general residuum of the estate, unless such is the clearly expressed wish of the testator. As did the heir in the Davis case, supra, so the heirs of Martha Bradford in the case at bar claim that this fund passes to them as property undisposed of by the will. But the Supreme Court answers their contention as follows:
“There can be no proper application of the rule that a residuary clause carries all the estate of the testator not otherwise lawfully disposed of by the will, including void and lapsed legacies, when a different intention may be fairly drawn from all the provisions of the will. ’ ’ Davis v. Davis, supra, page 415.
In other words, the burden is on the heirs of proving a construction different from “the rule that a residuary clause carries all the estate of the testator not otherwise lawfully disposed of.” And unless they do establish such contention, such *125 legacy will become part of the residuary estate. But there is no provision of the will making it clear beyond peradventure what the intentions of the testatrix are in the ease of a lapsed or defeated legacy. Each one of the heirs claiming this fund has been made the beneficiary of some part of Mrs. Bradford’s bounty. •
Hence on one hand it can be asserted that it is her “clear” intention that such bequests to them comprise all that she intended them to have, they not being mentioned in the residuum clause. While on the other hand it can be asserted that it is equally “clear” that as this $5,000 was not given to the boards of home and foreign missions originally, it was not her intention to have them receive that sum under an indefinite residuum clause.
To sustain the contention of the heirs, however, it should be borne in mind that while no definite sum was allotted to the mission boards, yet, whatever sum did not become the property of others, became theirs, be the sum great or small. And the indefiniteness of the amount they were to receive rather favors the contention of the mission boards that the testatrix desired them to have everything not actually taken possession of by others. In addition is the provision that “I give, devise and bequeath all the rest and residue of my property of whatsoever kind and wheresoever situated” to the said mission boards, the same item gives them full and sweeping authority to sell the personalty and realty, reinvesting the proceeds as their judgments deem best.
While there may be some claim that the contention of the heirs in the case at bar is in harmony with the spirit of the decision of the Supreme Court in the Davis case, this court is unwilling to concede that, even taking into consideration the fact that the entire twenty-one items of the will — all special bequests • — are by the terms of item 22 to be paid from the personal estate. This does not render the fund of item 19, if void, the residuum of a special fund, because, under certain contingencies, the realty may be sold for such purposes also and there is no evidence touching the extent and amount of the personal estate except the answer of the beneficiary of item 18 — the endowment *126 and extension fund of the Second Presbyterian Church of Cincinnati — that they have not yet been paid in full.
The Supreme Court in Bane v. Wick, 19 Ohio St., 328, 334, say:
“But, where the testator has wholly failed to give his meaning, or any clue to the same, and the residuary clause will admit of more than one construction, a court of equity will be expected to adopt that which will affect least injuriously the heir at law. ’ ’
There is no such ambiguity in the case at bar as will justify that deduction in favor of the heir of Mrs. Bradford which the syllabus of the Wick case would indicate. In Bane v. Wick, supra, Judge Spaulding begins his opinion, page 333, as follows:
“The only question raised by the pleadings for our consideration, is this: Did Henry Wick, by his last will and testament, dispose of his entire estate? If he did there is an end*to the case, for no one has doubted his right under all the circumstances to make a full testamentary disposition of his property. If he did not, then, under the statute of ‘descent and distribution, ’ the complainants, as the legal representatives of Matilda Bane, will take the one-eighth part of such intestate estate.”
Clearly Mrs. Bradford died intestate as to nothing. This $5,000 was specially bequeathed. The beneficiary was in existence at the time of her death. Every dollar she possessed was disposed of by some item of her will. This $5,000 can not go to the heirs as “undisposed of” property under the doctrine of the Wick case.
The decision of the circuit court in the case of Davis v. Hutchins, 15 C. C., 174, was reversed and becomes Davis v. Davis, supra. The decision was reversed for a failure on the part of the circuit court to distinguish between the balance of a particular fund and the general residuum of an entire estate. But certain propositions of law laid down in the circuit court other than the one because of which it was revei’sed seem borne out by the opinion in Davis v. Davis. In Davis v. Hutchins, supra, page 54, the court say:
“The authorities are almost uniform that bequests in a will, which turn out for any reason to be void, will go with the resi *127 due where there is a clause in the will bequeathing the residue of the estate to people named in that clause of the will.”
Then follows a discussion of the authorities cited from other states, and which same authorities are cited and discussed in Davis v. Davis, supra. The Supreme Court distinguishes them, and tacitly at least approves them in its opinion wherein it says, page 416:
“In every ease that has been brought to our attention, where that rule has been applied, the will involved contained a residuary clause of that character.”
And the court cites Bane v. Wick, supra, as substantiating that doctrine, and thus holding that unless it is the balance of some particular fund and that it may go to the heir, the void bequest as a general rule goes to the general residuary legatee.
In the ease of Devenney v. Devenney, 74 Ohio St., 96, 102, the court holds that—
“The increase in the value of the corpus held by a trustee [under a will] from natural causes is principal, and not interest. ’ ’
And later in the opinion it held that this increase in the hands of the trustee went to the residuary legatee rather than to the beneficiary of the particular sum of money which gave rise to the increase. It can be deduced from this reasoning that when the corpus of an estate is increased by a sum through inability of a legatee to receive and hold a bequest, it too becomes such an increase in the hands of the executors as becomes principal and passes to the residuary legatee under a general residuary clause.
In Bolton v. Bank, 50 Ohio St., 290, 293, the court say:
“It is the settled rule of this court to construe all devises and bequests as vesting in the devisee or legatee at the death of the testator, unless the intention of the testator to postpone the vesting to some future time is clearly indicated in the will.”
In the case at bar before the money could be turned over to the Presbyterian hospital, the purposes of the hospital were abandoned, and no one remained representing the organization and capable of receiving the money. But it does not follow that the legacy for that reason remained undisposed of by the will, *128 and that as to it the testatrix died intestate. And as this is the only theory on which the heirs can base a claim to ownership of the fund, this court is of the opinion that their claim is not well founded.
Littleford & Ballard, for heirs of Martha A. Bradford.
E. A. Hafner, for executors.
Maxivell & Ramsey and Jos. L. Lackner, for Presbyterian mission boards.
One of the leading eases touching this principle is the old ease of Collier v. Collier, 3 Ohio St., 369, 374, where the court say:
“It is a settled rule of construction, that a testator is never presumed to die intestate as to any part of his estate to which his attention seems to have been directed; and a court of equity will put such a construction upon equivocal words as to prevent such a result.”
This has been followed in at least two later cases, Merrick v. Merrick, 37 Ohio St., 126, 131, and McKelvey v. McKelvey, 43 Ohio St., 213, 217. In other words, it is the policy of the Ohio law to prevent, as far as possible, a testator from dying intestate as to any part of his estate.
Under all the circumstances of the case the court is of the opinion that this fund created under item 19 should be held as now having become a part of the residuum of the. estate available under item 23 and a decree may be entered accordingly.